Harold L. KRAININ, for himself and all others similarly situated, Plaintiff,

v.

S. KLEIN DEPARTMENT STORES, INC., Defendant.

Harold L. KRAININ, for himself and all others similarly situated, Plaintiff,

v.

GIMBELS, Defendant.

Harold L. KRAININ, for himself and all others similarly situated, Plaintiff,

v.

SEARS, ROEBUCK & CO., Defendant.

Nos. 71 Civ. 5314, 72 Civ. 1345, and 72 Civ. 1346.

United States District Court, S. D. New York.

July 25, 1972.

Harold L. Krainin, pro se.

Winer, Neuburger & Sive, New York City, Co-Counsel by David Sive, New York City, for plaintiff.

Weil, Gotshal & Manges, New York City, by Carl D. Lobell, Herbert M. Hellman, New York City, for defendants S. Klein Department Stores, Inc. and Sears, Roebuck & Co.

Solinger & Gordon, New York City, by Eugene H. Gordon, Stanley L. Kay, New York City, for defendant Gimbel Brothers, Inc.

## MEMORANDUM and ORDER

BRIEANT, District Judge.

The Court has for disposition motions to dismiss by defendants, and motions for summary judgment by plaintiff in each above entitled case. All motions to dismiss are based upon the ground that the complaints fail, respectively, to state claims upon which relief can be granted.

All three causes are so similar that these motions may be disposed of together. Plaintiff is a debtor to whom "revolving" consumer credit has been extended by all three defendants, which, for simplicity, may be characterized as Department Stores.

Plaintiff, suing under § 1640(e) of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., seeks to recover for himself and for the members of three separate classes consisting of the numerous·customers of the defendants' stores, statutory penalties, together with attorneys' fees and costs, because of claimed violations of the Act.

The facts are not disputed. There remains only the issue as to whether or not the procedures followed by the three different defendants, substantially identical, violate the Act.

Under plans generally called "revolving credit", defendants have a billing cycle by virtue of which each customer is billed monthly, after the closing date of his billing cycle.

Due to various delays and other reasons, the monthly bills are often mailed between 8 and 12 days after the closing dates of the billing cycle. The extent of such delay varies among defendants, and will vary from cycle to cycle, depending on delays in posting charges, caused by volume of sales, or by holidays, mechanical and human failures, weather, and other causes.

The plaintiff attacks this time lag as unreasonable and in violation of the Truth in Lending Act. Plaintiff and other customers are adversely affected by the delay, because the various credit plans provide a period of days within which free credit is available, and if the customer pays his entire bill within such free period (27 days in the case of Klein's) there will be no finance charge incurred. If he elects to pay only a proportionate installment of the principal, and does so within that period, a finance charge is assessed.

Defendants each admit the facts alleged, but assert, and the Court agrees, that neither the Act, nor the regulations adopted thereunder, and specifically Regulation z, 12 CFR § 226, contain any requirement that the defendants mail or deliver the bills within a specific period of time following the close of the customer's billing period, although cyclical billing on a basis of twelve times a year per customer is required, if any transaction occurs within the cycle.

Defendants have disclosed the time period within which payment may be made in full without a finance charge, and have computed such time period from the closing date of the billing period. In the case of Klein's the disclosure reads "if you pay the entire price of the goods purchased within 27 days of the billing date on your monthly statement, no finance charge will be assessed." Gimbels provides similarly with respect

to a 25 day period, as does Sears, Roebuck & Co., 12 CFR § 226.7(a) (1).

How much of that free time will actually be enjoyed by the customer depends on how soon the defendant credit lenders deliver their bills to the postal service, and how soon the postal service delivers them to the customer. There is no legal requirement for any period free of finance charge.

The Federal Reserve Board of Governors has the power to adopt regulations to carry out the purposes of the Truth in Lending Act, and has done so. The Federal Trade Commission has the duty of enforcement with respect to the Act and the regulations. (15 U.S.C. § 1607; 12 CFR § 226.1.) Defendants are subject to Commission enforcement.

It is not charged in this case that the stores have been billing their customers on a basis intentionally contrived to prevent them from taking advantage of the free payment period.

While not controlling upon this Court, it is interesting to note that the Federal Trade Commission has recognized that neither the Act nor the F.R.B. regulations require that the bills be delivered within a specified period of time following the closing date of the billing cycle. The Court has been furnished with letters issued by persons acting for the Federal Trade Commission, directed to members of Congress, confirming this position. In addition, on April 30, 1970, the Federal Trade Commission issued Consumer Credit Policy Statement No. 3 (4 CCH Consumer Credit Guide ¶ 30,357) recognizing that the Act and implementing regulation do not set forth any specific time within which creditors are required to send periodic billing statements to their customers. The Commission further noted that the "Commission feels that the law contemplates that the periodic billing statement should be mailed in time to give customers a reasonable opportunity . . . within which finance charges may be avoided."

Federal Trade Commission has proposed a trade regulation rule (but not under the Truth in Lending Act) which would list as an unfair method of competition and an unfair trade practice, the imposition of finance charges or late payment charges where the statement was mailed less than 21 calendar days before the interest free payment date. This trade regulation rule has not yet been adopted.

Defendants argue, with some justification, that the construction placed upon the statute and regulations by the Federal Trade Commission, and its conclusion that a new rule had to be adopted, is some evidence of the proper construction to be placed upon the existing regulations and the Act, the enforcement of which is a responsibility of that same Commission. See *e. g.* Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).

In addition, continuing efforts have been made in Congress, since 1969, to amend the Truth in Lending Act to require that statements be mailed in time to permit payment. One of these proposed statutes did pass the Senate (S 652, 92nd Congress, 2nd Session), and would have required mailing at least 14 days prior to the last date for interest free payment. There are other bills pending in considerable number.

It could not be said as a matter of law, in the absence of any statute or regulation, that the time lag in billing, of the defendants in these cases in unreasonable. Many difficulties in posting transactions, returns and credits, the operation of computers, and the general complexity of doing business on a large scale by computer accounting, militate against the establishment of a hard and fast rule. If such a rule were established, presumably it would be unreasonable to impose a penalty for non-compliance other than actual damages.

In any event, the establishment of such a required mailing date, or lead time period, would appear to be an appropriate area for administrative or

Congressional action. The issue raised is a legislative one. There is no basis for a Court to read into this statute a requirement that the bills be sent within a reasonable time. This Court should not assume the legislative power.

The Court finds no statutory violation of the existing statute or rules which would give rise to the penalty which is sued for herein.

The motions for summary judgment are denied, and it is so ordered. The motions to dismiss the complaints are granted, and counsel are directed to settle order on notice, with a separate order for each action.